

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00124-CR

**BILLY JOE HARRIS,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

**From the 278th District Court
Leon County, Texas
Trial Court No. CM-11-50**

## MEMORANDUM OPINION

Billy Joe Harris appeals from a conviction for the offense of burglary of a habitation. TEX. PEN. CODE ANN. § 30.02 (West 2011). Harris was sentenced to ninety-nine years in prison to be served consecutively after completion of a prior sentence.

Harris's appellate counsel has filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Harris was informed of his right to submit a brief or other response on his own behalf and has filed a *pro se* response to the *Anders* brief complaining of ineffective assistance of his trial counsel.

Counsel asserts in his *Anders* brief that he has thoroughly and conscientiously reviewed the complete reporter's record and clerk's record in search for potentially meritorious issues on appeal and, after due diligence, found that no non-frivolous issues exist. Counsel specifically discusses the authority of the prosecutor of another county to assist in the prosecution of this case, ineffective assistance of counsel, the sufficiency of the evidence regarding the denial of his plea of insanity, and the legality of the cumulation of his sentence with his prior conviction. Counsel concludes that there are no non-frivolous issues to assert on appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief, Harris's *pro se* response regarding his complaints of ineffective assistance of trial counsel, and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Harris wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request to withdraw from representation of Harris is granted, and counsel is permitted to withdraw from representing Harris. Additionally, counsel must send Harris a copy of our decision, notify him of his right to file a *pro se* petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 27, 2014
Do not publish
[CRPM]